Richard FRAGOSA, et al., Plaintiffs,

v.

Randy MOORE, et al., Defendants.

No. ED CV 12–1841 TJH (OPx).

United States District Court,
C.D. California,
Eastern Division.

Signed April 28, 2014.

Matt G. Kenna, Public Interest Conservation Law, Durango, CO, Douglas Philip Carstens, Michelle Nicole Black, Chatten–Brown and Carstens LLP, Hermosa Beach, CA, Rene Peter Voss, Rene Voss Attorney at Law, San Anselmo, CA, for Plaintiffs.

Alison D. Garner, United States Department of Justice, Washington, DC, for Defendants.

### Order

TERRY J. HATTER, JR., Senior District Judge.

This suit presents an as-applied challenge to the implementation of the Federal Lands Recreation Enhancement Act, 16 U.S.C. §§ 6801–6814, ("REA") recreation fee program in four National Forests in Southern California, which embodies the policy and practice of the Forest Service. The Forest Service's recreation fee program requires Plaintiffs to purchase an "Adventure Pass" to enter regions that the

Forest Service has designated High Impact Recreation Areas ("HIRA") or Standard Amenity Fee Areas ("SAFA") to park, hike, picnic, camp in undeveloped locations, or otherwise recreate, even when they do not use the developed facilities and services. Failure to purchase and display a required pass allows the Forest Service to impose misdemeanor criminal penalties.

Both parties have moved for summary judgment.

The REA states in relevant part:

Except as limited by subsection (d) of this section, the Secretary may charge a standard amenity recreation fee for Federal recreational lands and waters under the jurisdiction of the Bureau of Land Management, the Bureau of Reclamation, or the Forest Service, but only at the following:

(4) An area—

(A) that provides significant opportunities for outdoor recreation;

(B) that has substantial Federal investments;

(C) where fees can be efficiently collected; and

(D) that contains all of the following amenities:

(i) Designated developed parking.

(ii) A permanent toilet facility.

(iii) A permanent trash receptacle.

(iv) Interpretive sign, exhibit, or kiosk.

(v) Picnic tables.

(vi) Security services.

16 U.S.C. § 6802(f). The subsection (d) limitations on this fee authority referred to in subsection (f) are:

(d) Limitations on recreation fees

(1) Prohibition on fees for certain activities or services The Secretary shall not charge any standard amenity re-creation fee or expanded amenity recreation fee for Federal recreational lands and waters administered by . . . the Forest Service . . . under this chapter for any of the following:

(A) Solely for parking, undesignated parking, or picnicking along roads or trailsides.

Agency compliance with REA is reviewed under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. *Grand Canyon Trust v. United States Bureau of Reclamation,* 691 F.3d 1008, 1016 (9th Cir.2012). Under the APA, review is generally limited to the administrative record that was before the agency at the time of its decision. *Karuk Tribe of California v. United States Forest Serv.,* 681 F.3d 1006, 1017 (9th Cir.2012). A court may set aside an agency action if the court determines that the action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "This standard of review is highly deferential, presuming the agency action to be valid and affirming the agency action if a reasonable basis exists for its decision." *Northwest Ecosystem Alliance v. United States Fish & Wildlife Serv.,* 475 F.3d 1136, 1140 (9th Cir.2007).

The use of Rule 56 motions for summary judgment in reviews of agency administrative decisions under the limitations imposed by the APA is appropriate. *Northwest Motorcycle Ass'n v. United States Dept. of Agric.,* 18 F.3d 1468, 1471–72 (9th Cir.1994). While the moving party is entitled to summary judgment as a matter of law where, viewing the evidence and the inferences arising therefrom in favor of the non-movant, there are no genuine issues of material fact in dispute, the role of the court under the APA is not to "find facts" but is limited to reviewing the administrative record, there can be no genuine issue of material fact, and summary

judgment is the appropriate process to resolve this case. *Occidental Eng'g Co. v. INS.,* 753 F.2d 766, 769 (9th Cir.1985).

Plaintiffs assert that *Adams v. United States Forest Serv.,* 671 F.3d 1138 (9th Cir.2012), decided the issues here. Defendants disagree, arguing that, *Adams* was decided on a motion to dismiss, which required that the court assume the truth of all facts asserted in the complaint. *Adams,* 671 F.3d at 1142–43. No such assumption need be made here, since the relevant facts are in the administrative record. *Occidental,* 753 F.2d at 769.

Defendants assert that *Adams* was a fact-specific decision, and its holdings are inextricably linked to the facts of that case. The Mount Lemmon HIRA in *Adams* is distinguishable because it was a large area, with developed recreation sites separated by large swaths of undeveloped areas along a 28–mile highway that offered opportunities for roadside parking. *Adams,* 671 F.3d at 1139. In contrast, the areas here are for small areas or stand-alone sites, all of which provide the required amenities and a boundary tightly circumscribed by those amenities.

*Adams* is quite clear. The Forest Service is prohibited from charging a fee solely for parking. If a visitor does nothing other than park, the fee is solely for parking and is, therefore, plainly prohibited by the REA. *Adams,* 671 F.3d at 1143–44. "[W]e conclude that the REA unambiguously prohibits the Forest Service from charging fees in the Mount Lemmon HIRA for recreational visitors who park a car, then camp at undeveloped sites, picnic along roads or trailsides, or hike through the area without using the facilities and services." *Adams,* 671 F.3d at 1146. Each Plaintiff parked and hiked without using facilities and services.

█ Defendants assert that this action is moot because the Forest Service has been managing recreation fees pursuant to the results of the 2011 area review that addressed the deficiencies.

█ To demonstrate mootness, the defendants must establish that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of L.A. v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642, 644 (1979). However, even if the Forest Service has already made, or will make, all the changes it alleges, its new Adventure Pass program still violates the REA because it continues to require fees when Plaintiffs and the public do not use any facilities and services, in contravention with *Adams.* The basic question for determining mootness is whether "there is a present controversy as to which effective relief can be granted." *Northwest Envtl. Def. Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir.1988). If "there can be any effective relief," then the case is not moot. *Northwest Envtl.,* 849 F.2d at 1244–45. Effective relief can be granted in this case, thus, it is not moot.

Plaintiffs request a return of monies they have been required to pay under the existing program. The propriety of past conduct cannot be mooted out by changes occurring after the challenged conduct. *Buckhannon Bd. & Care Home v. West Virginia Dep't of Health & Human Res.,* 532 U.S. 598, 608–9, 121 S.Ct. 1835, 1843–44, 149 L.Ed.2d 855, 865–66 (2001).

█ The APA allows the remedy of "specific relief," an equitable remedy, which includes the entitlement of funds or a refund from a government agency. An award of funds or refund under a statute is specific relief, not damages, within the scope of APA. *Bowen v. Massachusetts,* 487 U.S. 879, 900–1, 108 S.Ct. 2722, 2735–36, 101 L.Ed.2d 749, 768 (1988). Accord-

ingly, Plaintiffs' claim is not moot for this reason as well.

It is Ordered that Plaintiff's motion for summary judgment be, and hereby is, Granted.

It is further Ordered that Defendants's motion for summary judgment be, and hereby is, Denied.

It is Ordered that the Court finds the policy and practice embodied in implementing the Adventure Pass REA fee program, which authorizes the Forest Service to charge Plaintiffs an amenity fee when they enter HIRAs or SAFAs without use of the developed facilities and services of the HIRA or SAFA, violates the REA.

It is further Ordered the implementation of that policy and practice be, and hereby is, Enjoined.

It is further Ordered that the Forest Service shall refund Plaintiff's monies they have paid under the policy.